UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SARAH SPRIESCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 17 C 1952 |
| v. ) | |
| ) | Judge Sara L. Ellis |
| CITY OF CHICAGO, a municipal corporation, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

After learning she was pregnant, fire paramedic Sarah Spriesch (at the time, Sarah Murphy) faced gender and pregnancy discrimination and retaliation at the City of Chicago's (the "City") fire department. Spriesch sues the City alleging violations of the Illinois Human Rights Act ("IHRA"), 775 Ill. Comp. Stat. 5/1-101 *et seq.*, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000 *et seq.*, the Illinois Nursing Mothers in the Workplace Act ("INMWA"), 820 Ill. Comp. Stat. 260/1 *et seq.*, and the Fair Labor Standards Acts of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.* The City moves to dismiss some of her claims, and the Court grants in part and denies in part the motion. Because Spriesch alleges enough facts to suggest a continuing violation, she can pursue claims related to the decision to place her on leave. However, Spriesch fails to allege any injury from the classification of her leave as off-duty after she returned to work; thus, she fails to establish standing to pursue her claims arising from the classification. Because the IHRA's pregnancy accommodation amendment was not retroactive, she cannot pursue IHRA accommodation claims arising from acts committed before January 1, 2015. Spriesch sufficiently alleges that a City assignment policy caused her injury and may

pursue her disparate impact claim. Finally, the City fails to show that there is no private right of action under the INMWA and thus, Spriesch may pursue her claim pursuant to the INMWA .

## BACKGROUND[1]

Spriesch was working for the City's fire department as a fire paramedic when she learned she was pregnant, in June 2014. Soon after, she informed her supervisor that she was pregnant. Spriesch's supervisor asked her to go on leave immediately. The City required Spriesch to stay on leave throughout her pregnancy, requiring her to report monthly in person or by phone to confirm she was still pregnant. In contrast to other City fire employees who received temporary assignments, the City has a pattern and practice of placing pregnant employees on immediate leave.

Spriesch gave birth to her child on February 4, 2015. She returned to work two months later on April 8, 2015. When she returned to work, the City designated her leave as off-duty injury leave, which can be used for up to twelve months every two years, rather than on-the-job injury leave, which can be used for up to twelve months as often as is needed. The City has a pattern and practice of designating pregnancy leave as off-duty injury leave. Spriesch used 308 days of leave.

Spriesch was breastfeeding when she returned to work. Because she could not breastfeed her child at work, she pumped breastmilk for her child. She informed City fire department officials that she was breastfeeding and needed to pump. No one told Spriesch about any accommodations for pumping. When she needed to pass a re-training course to reenter the field, she was not allowed to pump and express breastmilk for hours. Despite experiencing pain and

---

[1] The facts in the background section are taken from Spriesch's complaint and exhibits attached thereto and are presumed true for the purpose of resolving the City's motion to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *Local 15, Int'l Bhd. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007).

leaking that day at re-training, no one allowed her to pump for more than eight hours, and she faced threats if she were to leave early. Eventually Spriesch was allowed leave to pump and express breastmilk, only to return and be told frequently over the rest of the day that she could not take breaks to pump.

When Spriesch requested a reasonable accommodation for pumping and expressing breastmilk, the instructor in re-training required her to perform two more re-training days and required her to stay later than other employees. Spriesch submitted a union grievance and complained to the City's equal employment opportunity division on or around April 8, 2015. When Spriesch returned to active duty, she received unfavorable assignments.

Spriesch asked for accommodations from the assistant deputy fire commissioner and human relations coordinator. Although the assistant deputy acknowledged that Spriesch should have a private, non-bathroom space to pump, she expressed doubt about the existence of such a place and suggested that Spriesch use someplace like an ambulance, hospital, or quiet corner.

Because she went on leave, Spriesch lost her assignment to her regular ambulance. Instead she began receiving her assignments from the relief pool, which sourced paramedics to temporary firehouse assignments. Many firehouses in the relief pool did not have a private, non-bathroom space suitable for Spriesch to pump and express breastmilk. Spriesch was assigned to many of those firehouses, and she often had to pump in a restroom or ambulance and discard her breastmilk. Spriesch received a promotion to paramedic in charge in June 2015, but she still was part of a relief pool. Although there were some relief pool firehouses that provided access to a private, non-bathroom area for pumping and expressing breastmilk, there were firehouses that did not. Spriesch did not always receive assignments to firehouses that contained private, non-bathroom areas.

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**ANALYSIS**

**I.     Format of the City's Motion**

The parties debate whether some of the City's motion is procedurally proper because it attacks some of Spriesch's claims in her enumerated Counts. In its own words, the City has moved to partially dismiss Counts I, II, and III. Spriesch says the City cannot partially dismiss counts in her complaint, pointing out that the Seventh Circuit noted in *BBL, Inc. v. City of Angola*, 809 F.3d 317 (7th Cir. 2015), that a motion to dismiss under Rule 12(b)(6) doesn't permit "piecemeal dismissals of parts of claims." *BBL, Inc.*, 809 F.3d at 325. But the City does not move to dismiss parts of claims or parts of a single-element claim. Spriesch pleads multiple claims contained in Counts I, II, and III. The City can move to dismiss some of the claims

4

brought under the different legal theories of the three Counts without partially dismissing the claims.[2]

## II.     Claims arising from Spriesch's Forced Leave of Absence

Spriesch alleges that the City discriminated against her when it forced her to go on a leave of absence in June 2014 after she told her supervisors that she was pregnant. The City argues that the Court must dismiss the discrimination claims arising from the forced leave of absence because those claims are time-barred. "[T]o bring a Title VII claim . . . a plaintiff must file a complaint with the EEOC within 300 days of experiencing the complained-of discrimination." *Swanson v. Vill. of Flossmoor*, 794 F.3d 820, 825 (7th Cir. 2015). "Under the IHRA, an aggrieved party must file a charge of discrimination with the Illinois Department of Human Rights within 180 days after an alleged civil rights violation occurs." *De v. City of Chicago*, 912 F. Supp. 2d 709, 732 (N.D. Ill. 2012) (citing 775 Ill. Comp. Stat. 5/7A–102). When determining whether Spriesch filed her charge timely, the date of the specific targeted employment act matters. *Ledbetter v. Goodyear Tire & Rubber Co.*, 550 U.S. 618, 624, 127 S. Ct. 2162, 2167, 167 L. Ed. 2d 982 (2007) ("In addressing the issue whether an EEOC charge was filed on time, we have stressed the need to identify with care the specific employment practice that is at issue."). Spriesch does not provide the exact date in June that the City placed her on leave, but, even assuming the City placed her on leave on the last day of June 2014, that alleged act of discrimination occurred 462 days before Spriesch filed her discrimination charge.

Spriesch argues that the City's acts occurred in such a way that her placement on leave occurred less than 180 days before she filed her discrimination charge, which would make the

---

[2] The City also requests that the Court strike some allegations that relate to dismissed claims. Prior acts of discrimination may be used as background evidence. *Nat'l R.R. Passenger Corp. v. Morgan* , 536 U.S. 101, 113, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002). Therefore, the allegations relevant to dismissed claims may remain as background in support of a timely discrimination claim. *E.g., Anbudaiyan v. Ill. Dep't of Fin. & Prof'l Regulation*, No. 11 C 8893, 2012 WL 2525696, at *3 (N.D. Ill. June 29, 2012).

claims involving her placement on leave timely. Courts can treat closely related acts as a continuing violation ending within the limitation period. *Filipovic v. K & R Exp. Sys., Inc.*, 176 F.3d 390, 396 (7th Cir. 1999). "The continuing violation doctrine allows a complainant to obtain relief for a time-barred act of discrimination by linking it with acts that fall within the statutory limitations period." *Id.* Spriesch alleges that the City's wrongdoing was ongoing because each month the City required that she check in, allow the City to confirm her pregnancy, and receive a determination on whether she would continue on leave. Repetitive wrongful acts that occur within the limitation period set by the discrimination charge are not barred. *See Dasgupta v. Univ. of Wis. Bd. of Regents*, 121 F.3d 1138, 1139 (7th Cir. 1997). Further, the Court could read Spriesch's complaint to allege that each act of placing her on leave was a new wrong making the subsequent leave decisions within the limitations period actionable. At the motion to dismiss stage, Spriesch alleges enough facts to save her claims from dismissal as untimely. The Court denies the motion to dismiss on this issue.

**III.     Characterization of Leave as On-Duty or Off-Duty**

The City also challenges whether Spriesch can allege any discrimination arising from how the City classified her leave. She alleges that when she returned to work, the City labeled her leave as one analogous to an off-duty injury rather than an on-duty injury, which she alleges mattered because of the difference in her ability to use off-duty leave (renewable every two years) versus on-duty leave (unlimited).

The City argues first that Spriesch is targeting wrongful conduct that occurred in 2014, too early for her discrimination charge. The City implies that it decided to classify Spriesch's leave as an off-duty injury when she became pregnant and the City placed her on leave. But Spriesch alleges that not until she returned to work in April 2015 did the City make any decision

on how to classify her leave: "[u]pon her return to work after giving birth, the City treated her leave time for pregnancy and childbirth less favorably than it treats leave time for other CFD employees[.]" Doc. 1-1 ¶ 23. Therefore, she alleges a wrong that happened within the time period of the discrimination charge. *Stepney v. Naperville Sch. Dist. 203*, 392 F.3d 236, 240 (7th Cir. 2004) ("The period begins to run when the employee knows he has been injured[.]").

The City argues also that Spriesch has no standing to pursue leave-classification claims because, even though the City classified her leave as off-duty, she experienced no injury resulting from the difference between the off-duty classification and an on-duty classification.[3] Discrimination claims require that a plaintiff suffer a personal injury from a discriminatory practice or an adverse employment action. *Godfrey v. City of Chicago*, 973 F. Supp. 2d 883, 894 (N.D. Ill. 2013) ("'To have standing to bring a disparate impact claim, a plaintiff must show that she was personally injured by the defendant's alleged discriminatory practice.' . . . The standing requirement is no less onerous for a disparate treatment (a.k.a. intentional discrimination) claim, and furthermore, a crucial element of such a claim is that the plaintiff suffered an adverse employment action 'because of' her gender." (citations omitted)). Spriesch alleges that she lost the benefit of unlimited leave, but she does not allege that she suffered an injury because of the amount of leave the City provided her. Nor could she allege she suffered an adverse employment action because of the classification. *See Sklyarsky v. ABM Janitorial Servs.-N. Cent., Inc.*, 494 Fed. App'x 619, 622 (7th Cir. 2012) (forcing employee to expend sick leave not

---

[3] While the City frames its motion to dismiss for failure to state a claim under Rule 12(b)(6), this argument implicates the Court's subject matter jurisdiction and Rule 12(b)(1). *E.g., Smith v. City of Chicago*, 143 F. Supp. 3d 741, 747 n.1 (N.D. Ill. 2015). The party asserting jurisdiction has the burden of proof. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003), *overruled on other grounds by Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012). When a defendant challenges the sufficiency of the allegations regarding subject matter jurisdiction (a facial challenge), the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443–44 (7th Cir. 2009); *United Phosphorus*, 322 F.3d at 946.

an adverse employment action); *Sinkhorn v. LaHood*, No. 08C1431, 2010 WL 1031970, at *6 (N.D. Ill. Mar. 17, 2010) (action that prevented employee from using maximum amount of sick leave possible was not an adverse employment action). Spriesch fails to demonstrate that she suffered an injury—either the product of a policy or an adverse employment action—necessary to pursue an employment discrimination claim based on the classification of her leave. The Court dismisses her claims to the extent they rely on her classification of leave as off-duty.

## IV.     IHRA Reasonable Accommodation Claims

The City also challenges whether Spriesch can bring IHRA pregnancy accommodation claims based on acts that occurred before January 1, 2015. On January 1, 2015, Illinois amended the IHRA to require that employers provide reasonable accommodations for medical and other common conditions related to pregnancy or childbirth. 775 Ill. Comp. Stat. 5/2-102(J); 2014 Ill. Legis Serv. P.A. 98-1050 (H.B. 8) (effective January 1, 2015). The City argues that the Section 2-102(J) was not retroactive so Spriesch cannot hold the City liable for any reasonable accommodation violation that she alleges occurred before its enactment.

Illinois courts follow the *Landgraf* test for retroactivity, which holds "that new statutes do not apply retroactively unless Congress expressly states that they do." *Commonwealth Edison Co. v. Will County Collector*, 749 N.E.2d 964, 971, 196 Ill. 2d 27, 255 Ill. Dec. 482 (2001) (quotation marks omitted) (citation omitted). "Under the *Landgraf* test, if the legislature has clearly indicated what the temporal reach of an amended statute should be," then courts give it that effect, but if the legislature has not done so "then the court must determine whether applying the statute would have a retroactive impact, *i.e.*, 'whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed.'" *Id.* (quoting *Landgraf v. USI Film Prod.*, 511 U.S.

8

244, 280, 114 S. Ct. 1483, 1505, 128 L. Ed. 2d 229 (1994)). "If there would be no retroactive impact . . . then the amended law may be applied" but if "applying the amended version of the law would have a retroactive impact, then the court must presume that the legislature did not intend that it be so applied." *Id.* The parties agree that the IHRA does not clearly indicate Section 2-102(J)'s temporal reach.

The City argues that applying Section 2-102(J) to pre-2015 acts would have a retroactive impact by creating a new liability that did not previously exist. Spriesch argues that because state and federal law already prohibited pregnancy discrimination, Section 2-102(J) was a clarification of state law and added no new liability. She points to a statement of Representative Mary E. Flowers, which attacks court decisions drawing a line between injury in the workplace and injury on the job. But Representative Flowers' statement is not a statement of the General Assembly, nor does it say anything about the General Assembly's intent to make Section 2-102(J) retroactive.

Section 2-102(J) clearly imposes new obligations on the employer-employee relationship, specifically requiring a reasonable accommodation process for job applicants and employees related to pregnancy and childbirth. The Court finds that despite the retroactive impact, there is no proof of retroactive intent by the General Assembly when it enacted the January 1, 2015 amendment. Therefore Spriesch cannot pursue claims under Section 2-102(J) for wrongful acts that occurred before January 1, 2015 and the Court grants the City's motion on this basis.

## V. Policy Regarding Shift Assignments

Spriesch alleges that the City's method for detailing shift assignments had a discriminatory impact on lactating female employees like Spriesch. To prove a disparate impact claim, "a plaintiff must establish that a particular employment practice causes a disparate impact

9

on a member of a protected class." *Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 717 (7th Cir. 2012). The plaintiff must plead some factual content that shows a policy causes a disparity between different classes of employees. *Adams v. City of Indianapolis*, 742 F.3d 720, 733 (7th Cir. 2014 ("[W]e would expect to see some factual content in the complaint tending to show that the City's testing process, or some particular part of it, caused a relevant and statistically significant disparity between black and white applicants for promotion."). The City argues that Spriesch fails to allege a policy about shift assignments or that the policy caused any differing impact on lactating female employees.

The City argues that Spriesch fails to allege a policy that created the disparate impact she experienced as a lactating female employee. "[I]t is not enough to simply allege that there is a disparate impact on workers, or point to a generalized policy that leads to such an impact." *Puffer*, 675 F.3d at 717 (quoting *Smith v. City of Jackson*, 544 U.S. 228, 241, 125 S. Ct. 1536, 161 L. Ed. 2d 410 (2005)). The plaintiff must "identify the specific practice." *Id.* (citing *Watson v. Fort Worth Bank & Trust*, 487 U.S. 977, 994, 108 S. Ct. 2777, 101 L. Ed. 2d 827 (1988)). Spriesch alleges that the City had a "method for detailing shift assignments for its employees, including those in the relief pool," Doc. 1-1 ¶ 107, and she recounts how she was detailed to firehouses that could not safely accommodate her needs as a nursing mother, *see, e.g.*, *id.* ¶¶ 73–75. At the pleading stage, these allegations are sufficient to delineate the shift assignment policy. Although everyone would have benefited from a more robust description of the policy, Spriesch's allegations detail the policy—the shift assignment mechanism and who made the shift assignments—and when it was applied—when an employee was in the relief pool seeking a temporary assignment to a firehouse. The parties have enough factual content to conduct discovery on the policy.

The City argues also that Spriesch does not allege how the policy caused the wrongful injury to lactating women. "A disparate impact theory of discrimination requires the plaintiff to put forth evidence (facts or statistics) demonstrating that the challenged employment practice has a disproportionately negative effect upon members of the protected class[.]" *Anfeldt v. United Parcel Serv., Inc.*, No. 15 C 10401, 2017 WL 839486, at *2 (N.D. Ill. Mar. 3, 2017). Spriesch alleges that many firehouses do not have private, non-bathroom space and that senior officials acknowledged to Spriesch that she would be sent to those firehouses. Further, she alleges that while she went to the firehouses that could not accommodate her pumping needs, other individuals had their shift assignments tailored to their needs. Discovery may establish that she cannot present the statistical evidence needed to prove her case at summary judgment, but she alleges a plausible disparate impact case at this stage.

## VI. INMWA Claim

Spriesch alleges a violation of the INMWA,[4] but the City argues that she has no private right of action under the law. The INMWA does not explicitly provide for a private right of action. 820 Ill. Comp. Stat. 260 *et seq.* And the parties do not present, nor can the Court find, a case that has determined whether a private right of action under the INMWA exists. *Cf. Tolene v. T-Mobile, USA, Inc.*, 178 F. Supp. 3d 674, 685 n.10 (N.D. Ill. 2016) (resolving INMWA claim without resolving whether a private right of action existed).

If there is no explicit right of action in a law, "a court may determine that a private right of action is implied in a statute." *Metzger v. DaRosa*, 805 N.E.2d 1165, 1168, 209 Ill. 2d 30, 282 Ill. Dec. 148 (2004). "Implication by a statute of a private right of action is appropriate when: '(1) plaintiff is a member of the class for whose benefit the Act was enacted; (2) it is consistent

---

[4] There is no dispute that Spriesch seeks declaratory and injunctive relief but not damages for the INMWA claim.

11

with the underlying purpose of the Act; (3) plaintiff's injury is one the Act was designed to prevent; and (4) it is necessary to provide an adequate remedy for violations of the Act.'" *Rodgers v. St. Mary's Hosp. of Decatur*, 597 N.E.2d 616, 619, 149 Ill. 2d 302, 173 Ill. Dec. 642 (1992) (quoting *Corgan v. Muehling*, 574 N.E.2d 602, 610, 143 Ill. 2d 296, 158 Ill. Dec. 489 (1991)). The City does not argue that Spriesch does not satisfy the first three elements for finding an implied right of action, but it disputes that an implied right of action is necessary to provide Spriesch an adequate remedy for violations of the INMWA.

Specifically, the City argues that a private right of action under INMWA is not necessary because the IHRA already provides penalties for violations of INMWA. But the Illinois test looks at whether or not the law in question already provides an effective remedy. *See generally Metzger*, 805 N.E.2d at 1170 (noting that the Illinois Supreme Court has counseled that an implied private right of action should be found only if the statute would be practically ineffective unless there was an implied right of action); *see also Kagan v. Waldheim Cemetery Co.*, 53 N.E.3d 259, 269, 2016 IL App (1st) 131274, 403 Ill. Dec. 205 (Ill. 2016) (determining whether the law in question provided sanctions and remedies that obviated the need for a private right of action). The City fails to argue whether the INMWA already provides an effective remedy that would preclude any need for an implied private right of action. Therefore, Spriesch may proceed with her INMWA claim.

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part the City's motion to dismiss [16]. The Court dismisses without prejudice Spriesch's claims arising from the City's classification of her leave. The Court dismisses with prejudice Spriesch's pregnancy accommodation claims under the IHRA that arise from acts performed before January 1, 2015.

Dated: October 26, 2017

SARA L. ELLIS
United States District Judge